UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

*ELECTRONICALLY FILED*

LINDA SHELLHAMMER, NARDA SHIPP,
and ERIN WILSON, individually and on behalf
of other persons similarly situated

and

OFFICIAL EMPLOYEES COMMITTEE                         CASE NO. _____
OF THE RESOURCES IN HEALTHCARE
MANAGEMENT ESTATE OF RESOURCES
IN HEALTHCARE MANAGEMENT, LLC                                    PLAINTIFFS


v.                                  **COMPLAINT**


HORIZON HEALTHCARE CENTER, LLC
    d/b/a PARAGON PEDIATRICS
    d/b/a PARAGON BEHAVIORAL HEALTH
    d/b/a PARAGON FAMILY PRACTICE
    d/b/a PARAGON CARE EXPRESS
    d/b/a HEALTHY HORIZON CHILDREN'S CLINIC
    d/b/a LEARN WELL, BE WELL CLINIC
    d/b/a MEDI-CALLS
    d/b/a ASSOCIATES IMAGING
    SERVE:    Foster Ockerman, Jr. (registered agent)
                  1055 Wellington Way, Suite 210
                  Lexington, KY 40513

WOMAN TO WOMAN HEALTHCARE, LLC
    d/b/a WOMEN'S HEALTH PAVILLION
    SERVE:    Foster Ockerman, Jr. (registered agent)
                  1055 Wellington Way, Suite 210
                  Lexington, KY 40513

THE PARAGON FAMILY OF COMPANIES, INC.
    SERVE:    Foster Ockerman, Jr. (registered agent)
                  1055 Wellington Way, Suite 210
                  Lexington, KY 40513

**LEXINGTON PRIMARY CARE CENTER, LLC**
    d/b/a SAYRE CLINIC
    d/b/a GENERATIONS CARE
    d/b/a DANVILLE PRIMARY CARE
    SERVE:    Foster Ockerman, Jr. (registered agent)
                  1055 Wellington Way, Suite 210
                  Lexington, KY 40513

**ALC RESOURCES, LLC**
    d/b/a CENTRAL KENTUCKY BEHAVIORAL HEALTH
    SERVE:    Foster Ockerman, Jr. (registered agent)
                  1055 Wellington Way, Suite 210
                  Lexington, KY 40513

**ANDERSON PRIMARY CARE, LLC**
    d/b/a PRIMARY CARE EXPRESS
    SERVE:    Foster Ockerman, Jr. (registered agent)
                  1055 Wellington Way, Suite 210
                  Lexington, KY 40513

**ASSOCIATES IN CARDIOLOGY, LLC**
    d/b/a LIPID SPECIALISTS OF KENTUCKY
    SERVE:    Foster Ockerman, Jr. (registered agent)
                  1055 Wellington Way, Suite 210
                  Lexington, KY 40513

**MADISON PRIMARY CARE, LLC**
    SERVE:    Foster Ockerman, Jr. (registered agent)
                  1055 Wellington Way, Suite 210
                  Lexington, KY 40513

**PRIMARY CARE OF THE BLUEGRASS, LLC**
    d/b/a CRAB ORCHARD PRIMARY CARE
    SERVE:    Foster Ockerman, Jr. (registered agent)
                  1055 Wellington Way, Suite 210
                  Lexington, KY 40513

**ALAAC, LLC**
    SERVE:    Foster Ockerman, Jr. (registered agent)
                  1055 Wellington Way, Suite 210
                  Lexington, KY 40513

**EQUITY SYSTEMS, LLC**
    d/b/a BLUEGRASS EQUITY SYSTEMS
    SERVE:    Foster Ockerman, Jr. (registered agent)
                   1055 Wellington Way, Suite 210
                   Lexington, KY 40513

**INFORMATION SYSTEMS UNLIMITED, LLC**
    SERVE:    Foster Ockerman, Jr. (registered agent)
                   1055 Wellington Way, Suite 210
                   Lexington, KY 40513

**PROGRESSIVE EQUITY SYSTEMS, LLC**
    SERVE:    Foster Ockerman, Jr. (registered agent)
                   1055 Wellington Way, Suite 210
                   Lexington, KY 40513

**ALLIANCE LABS, LLC**
    SERVE:    Kim Lowery (registered agent)
                   1055 Wellington Way, Suite 1700
                   Lexington, KY 40513

**FREEDOM TREATMENT CENTER, LLC**
    SERVE:    Foster Ockerman, Jr. (registered agent)
                   1055 Wellington Way, Suite 210
                   Lexington, KY 40513

**PEDIATRIC SPECIALTY CLINIC, LLC**
    d/b/a PEDIATRIC CARE OF THE BLUEGRASS
    d/b/a PEDIATRIC CARE OF LEXINGTON
    SERVE:    Foster Ockerman, Jr. (registered agent)
                   1055 Wellington Way, Suite 210
                   Lexington, KY 40513

**BLUEGRASS PRIMARY CARE, LLC**
    SERVE:    Foster Ockerman, Jr. (registered agent)
                   1055 Wellington Way, Suite 210
                   Lexington, KY 40513

**WELLNESS SOLUTIONS, LLC**
    d/b/a ASSOCIATES IMAGING
    d/b/a YOUR SOLUTION FOR WELLNESS
    d/b/a BE WELL NOW
    SERVE:    Foster Ockerman, Jr. (registered agent)
                   1055 Wellington Way, Suite 210
                   Lexington, KY 40513

**CENTRAL KENTUCKY ALLERGY, ASTHMA,**
**AND IMMUNOLOGY, LLC**
    SERVE:    Foster Ockerman, Jr. (registered agent)
                   1055 Wellington Way, Suite 210
                   Lexington, KY 40513


**EXECUTIVE RESOURCES, LLC**
    d/b/a PRIMARY CARE ASSOCIATES
    d/b/a PRIMARY CARE MANAGEMENT ASSOCIATES
    SERVE:    Foster Ockerman, Jr. (registered agent)
                   1055 Wellington Way, Suite 210
                   Lexington, KY 40513

**GW MANAGEMENT, INC.**
    SERVE:    Foster Ockerman, Jr. (registered agent)
                   209 E. High Street
                   Lexington, KY 40507

**LANDMARK RESEARCH, INC.**
    SERVE:    Foster Ockerman, Jr. (registered agent)
                   1055 Wellington Way, Suite 210
                   Lexington, KY 40513

**CORPORATE HEALTH RESOURCES, LLC**
    SERVE:    Foster Ockerman, Jr. (registered agent)
                   209 E. High Street
                   Lexington, KY 40507

**PGS LABORATORY SERVICES, LLC**
    SERVE:    Foster Ockerman, Jr. (registered agent)
                   209 E. High Street
                   Lexington, KY 40507

**ANDERSON MEDICAL GROUP, INC.**
    SERVE:    Foster Ockerman, Jr. (registered agent)
                   1055 Wellington Way, Suite 210
                   Lexington, KY 40513

**PARAGON KENTUCKY, LLC**
    SERVE:    Foster Ockerman, Jr. (registered agent)
                   1055 Wellington Way, Suite 210
                   Lexington, KY 40513

**JOHN DOE CORPORATE DEFENDANTS 1-25**

**ANN GILES**
      **SERVE:**    **Ann Giles**
                       **1055 Wellington Way, Suite 210**
                       **Lexington, KY 40513**

**LU ANNE WALLACE**                                                                    **DEFENDANTS**
      **SERVE:**    **Lu Anne Wallace**
                       **1055 Wellington Way, Suite 210**
                       **Lexington, KY 40513**

*****************

Comes the Official Employees Committee of the Resources in Healthcare Management Estate (the "Committee") of Resources in Healthcare Management, LLC ("RHM"), and Linda Shellhammer ("Shellhammer"), Narda Shipp ("Shipp"), and Erin Wilson ("Wilson") (Shellhammer, Shipp, and Wilson shall be collectively referred to as the "Representatives") (the Committee and Representatives shall be collectively referred to herein as "Plaintiffs"), individually and on behalf of persons similarly situated, by and through counsel, and for their Complaint against the above named Defendants (collectively the "Defendants"), and state as follows:

## NATURE OF ACTION AND SUMMARY OF CLAIMS

1. This case is brought as a collective action by the Representatives on behalf of themselves and similarly situated current and/or former employees of the Defendants ("Collective Action Members"), pursuant to 29 U.S.C. § 216(b).

2. This case is also brought as a class action by the Representatives on behalf of themselves and a class of similarly situated current and/or former employees of the Defendants ("Class Members"), pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP").

3. The Committee is an employees' committee authorized by the United States Bankruptcy Court for the Eastern District of Kentucky in the Chapter 11 bankruptcy case filed on September 3, 2013, by Resources in Healthcare Management, LLC ("RHM"), and styled *In re Resources in Healthcare Management, LLC*, Case Number 13-52167. The Committee was authorized for the purpose of helping to protect the rights of the employees of Resources in Healthcare Management, LLC ("RHM") and helping to protect the creditor rights of the RHM bankruptcy estate. The Committee has the powers enumerated under 11 U.S.C. § 1103, among others. The Committee has standing to pursue claims for unpaid wages and benefits on behalf of a class of persons similarly situated.

4. Lu Anne Wallace ("Wallace") and Ann Giles ("Giles") are the sole members of RHM. RHM is not named as a defendant herein because its bankruptcy case is still pending and it is currently protected by the automatic stay of 11 U.S.C. § 362.

5. Plaintiff Shellhammer, like other similarly situated employees and former employees, is employed by Defendants, including but not limited to, Defendant Horizon Healthcare Center, LLC. Shellhammer has not been paid her full amount of wages and benefits owed by virtue of her employment with Defendants. Upon information and belief, there are numerous current and former employees of the Defendants who have similar claims for unpaid wages and/or benefits.

6. Plaintiff Narda Shipp ("Shipp"), like other similarly situated employees and former employees, is employed by Defendants, including but not limited to, Defendant Horizon Healthcare Center, LLC. Ship has not been paid her full amount of wages and benefits, including 401(k) contributions, owed by virtue of her employment with Defendants.

Upon information and belief, there are numerous current and former employees of the Defendants who have similar claims for unpaid wages and/or benefits.

7. Plaintiff Erin Wilson ("Wilson"), like other similarly situated employees and former employees, was employed by Defendants, including but not limited to, Defendant Pediatric Specialty Clinic, LLC d/b/a Pediatric Care of Lexington. Plaintiff has not been paid her full amount of wages owed by virtue of her employment with Defendants. Upon information and belief, there are numerous current and former employees of the Defendants who have similar claims for unpaid wages.

8. Plaintiffs Shellhammer, Shipp, and Wilson, on behalf of themselves and those similarly situated, bring claims for Defendants' willful and repeated violations of the Fair Labor Standards Act and KRS Chapter 337 against all Defendants named above, and all related entities, inclusive of John Doe Corporate Defendants 1-25, and against their owners and/or officers and/or operators Ann Giles and/or Lu Anne Wallace, jointly and severally.

9. Plaintiffs Shellhammer, Shipp, and Wilson, on behalf of themselves and those similarly situated, and the Committee, bring claims asserting a lien for the whole amount due them, including but not limited to wages and benefits, under KRS 376.150, 376.160, 376.180, and any other relevant provisions of KRS Chapter 376 against all Defendants and Defendants' assets, and all related entities, inclusive of John Doe Corporate Defendants 1-25, and against their owners and/or officers and/or operators Ann Giles and/or Lu Anne Wallace.

10. Plaintiffs Shellhammer, Shipp, and Wilson, on behalf of themselves and those similarly situated, and the Committee, bring claims for breach of fiduciary duties, under KRS

271B.8-300, 271B.8-420, 275.170, and any other relevant provisions, against Giles and Wallace.

11. In addition to the corporate Defendants identified with particularity, Plaintiffs allege all claims against Corporate John Doe Defendants 1-25, with addresses and names unknown. Investigation of the claims alleged in this action demonstrates a web of related entities that cannot readily be untangled. Giles and Wallace are officers and/or owners and/or operators of all Defendants named herein, including numerous health care related companies, as demonstrated by substantial information available through the Kentucky Secretary of State. Upon information and belief and a search of public records, many of the corporate entities related to the named corporate Defendants appear to be operating out of offices on Wellington Way in Lexington.

12. Plaintiffs and the similarly situated current and former employees have been paid by numerous corporate entities during the course of 2013 and have also been asked to work interchangeably for the various Defendants at times. These facts demonstrate the interrelated nature of companies owned and/or managed by Giles and Wallace.

    a. Shellhammer was employed by Defendants. Shellhammer has received check(s) written on an account in the name of Horizon Healthcare Center, LLC, in addition to RHM. Shellhammer is owed wages and benefits from August 2013.

    b. Shipp was hired to work at Central Kentucky Behavioral Health ("CKBH") in 2008. Shipp has worked as a Psychiatric Mental Health Nurse Practitioner ("APRN") for CKBH through the present. Since 2010, she has also worked regularly at Primary Care Express in Frankfort, at Paragon Family Practice on Alexandria Drive in Lexington, and at Paragon Family Practice at Bryan Station

      in Lexington. The entity scheduling and billing Shipp's work varied depending on the location and whether the patient was paying through Medicaid, Medicare/private insurance, or cash. Shipp received compensation from checks written on an account in the name of RHM between her hiring and April 2013. Since April 2013, Shipp has received checks written on an account in the name of Horizon Healthcare Center LLC d/b/a Paragon Family Practice, at least one of which was returned for insufficient funds.

   c. Wilson was originally hired to work at Paragon Family Practice on Maxwell Street in Lexington in 2008. In 2010 she was directed to work at the Paragon Family Practice at Bryan Station in Lexington, where she worked until she had a break in her employment with the Defendant companies from October 2012 until March 2013. In March 2013, Wilson was hired to work at Pediatric Care of Lexington on Regency Road in Lexington. Wilson has received checks for compensation primarily written on an account in the name of RHM. However, since July 2012, Wilson has received at least four checks written on account in the name of Horizon Healthcare Center LLC.

13. All Defendants have operated as a joint employer of Plaintiffs and the similarly situated current and former employees or, in the alternative, as a single enterprise and/or as alter-egos along with RHM. All Defendants have also failed to properly observe the corporate form as required under applicable Kentucky law.

14. Plaintiffs bring these claims under 29 U.S.C. §§ 206, 215, and 216; and under KRS 337.055, 337.060, 337.275 and/or 337.285; and under KRS 376.150, 376.160, and 376.180; and under KRS 271B.8-300, 271B.8-420, and 275.170 with respect to

Defendants' prohibited transactions. To the extent necessary, in the event that Defendants are not deemed to be joint employers, Plaintiffs alternatively seek to pierce the corporate veil with respect to the multiple corporate entities as may be required to effectuate just, proper, and equitable relief under the circumstances of this case.

15. Defendant Giles and Defendant Wallace are each individually an "employer" as defined under 29 U.S.C. § 203(d) and KRS 337.010(1)(d).

## JURISDICTION AND VENUE

16. This Court has original jurisdiction of this action under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.

17. Venue is proper in this district as the actions of defendants took place at the Defendants' locations within Lexington, Kentucky and at offices in counties surrounding Lexington. *See* 28 U.S.C. § 1391.

## PARTIES AND FACTUAL ALLEGATIONS

18. Defendant Ann Giles is a Member and operator of Defendant companies, and upon information and belief, is the primary executive officer for the Defendant companies. See Ex. A. On information and belief, Giles has exercised discretionary authority and control with respect to the management and operation of the corporate Defendants.

19. Defendant Lu Anne Wallace is a Member and operator of Defendant companies, and upon information and belief, is the Chief Financial Officer of the related Defendants. See Ex. A. On information and belief, Wallace has exercised discretionary authority and control with respect to the management and operation of the corporate Defendants.

20. Wallace and Giles are also the sole members of RHM.

21. RHM has claimed in its bankruptcy to be a staffing and management company which has provided services to the Defendants described herein.

22. Upon information and belief, the only locations where any RHM "employees" work is in the locations utilized by the corporate Defendants.

23. RHM provides at least the following services to the corporate Defendants: (a) staffing of medical personnel and office personnel; (b) provision of medical equipment and supplies; (c) billing and management services to provide for the day-to-day management of the corporate Defendants; (e) collection of the healthcare receivables for the corporate Defendants; and (f) the provision of any other management and personnel necessary for the operation of the corporate Defendants.

24. In turn, Giles and/or Wallace make all of the decisions regarding both RHM and the corporate Defendants.  Funds for employees were paid interchangeably among the corporate Defendants often regardless of the site of an employee's work performance.

25. Specifically, Giles provides specific direction to all of the employees working in the corporate Defendants.  Giles prepares agendas and conducts monthly meetings of "department heads" of the corporate Defendants that include office managers, billing department representatives, pharmacy representatives, and others from the corporate Defendants.  Giles also prepares agendas and conducts separate monthly meetings with the office managers from the corporate Defendants (the "Office Manager Meetings").

26. Upon information and belief, instruction provided at the Office Manager Meetings and topics covered were very detailed and provided specific direction on scheduling for employees, scheduling patient appointments, referring patients for services between the

various corporate Defendants, permissible overtime and vacation time and limits on taking same, and cutting/controlling costs.

27. Office managers at the corporate Defendants had to consult Giles before terminating an employee. Likewise, office managers at the corporate Defendants were expected to direct questions regarding billing practices or scheduling practices to Giles and/or Wallace.

28. At certain times, individuals purportedly employed by RHM were instructed that, when performing certain designated tasks, they became an employee of one of the corporate Defendants for purposes of that task and should bill accordingly.

29. At various times, employees purportedly employed by RHM received checks for wages written on accounts held by one of the corporate Defendants. More than one corporate Defendant is known to have issued such checks.

30. Shellhammer is still owed money for wages and benefits for work performed in August 2013. Shellhammer is still owed and has not been paid these amounts despite the work having been performed.

31. Shipp is still owed money for wages and benefits for work performed between July 18, 2013 and July 31, 2013, and also from August 30, 2013, to the present. Further, Shipp has accrued paid vacation time in the amount of three weeks. Shipp is owed money for her 401(k) company match. Shipp is still owed and has not been paid these amounts despite the work having been performed.

32. Wilson is still owed money for wages and benefits for work performed between July 4, 2013 and July 31, 2013. She was paid hourly and she worked a total of 130.29 hours during this time period. Upon information and belief, Wilson is owed at least $5,211.60

for wages and/or benefits. Wilson is still owed and has not been paid these amounts despite the work having been performed.

33. Upon information and belief, multiple entities of the Defendants have ceased operating as of the date of the filing of this Complaint.

34. Upon information and belief, no oral or written contract(s) exists between RHM and/or any of the named corporate Defendants regarding use employees or payment for their services between or among any of these entities.

35. Upon information and belief, RHM and the corporate Defendants did not keep fully separate financial records.

## COLLECTIVE ACTION ALLEGATIONS

36. This action is maintainable as an opt-in collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid compensation and/or benefits, liquidated damages, interest, attorney's fees and costs under the FLSA.

37. In addition to the Representatives, numerous current and former employees of Defendants are similarly situated to the Representatives with regard to their wages and benefits, in that they have been denied proper payment of wages and/or benefits for at least three years prior to the filing of this action.

38. The Representatives are representatives of those other current and former employees and is acting on behalf of their interests as well as the Representatives' own interests in bringing this action.

39. Those similarly situated employees are known to Defendants and are readily identifiable, and may be located through Defendants' records. These similarly situated employees may be readily notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for

purposes of collectively adjudicating their claims for unpaid compensation and/or benefits, liquidated damages, interest, attorney's fees, and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

40. The Representatives bring this class action on behalf of themselves and one Plaintiff class, defined as:

    a. **Class 1**:  All current and former employees of Defendant Corporations, and all related entities, inclusive of John Doe Corporate Defendants 1-25, and who are owed any amount, including but not limited to unpaid wages and/or benefits, as a result of their employment for work performed prior to the most recent pay period and not otherwise prohibited by the Automatic Stay in bankruptcy, 11 U.S.C. § 362.

41. The exact number of Class Members is not presently known, but, on information and belief, is in excess of 300.  The class is so numerous that joinder of all members is impracticable.

42. There are common questions of law and fact that relate to, affect, and which are common to the Class Members.  These include without limitation:  (1) whether amounts are owed as a result of their employment; (2) whether, in failing to pay the amounts owed in a timely fashion, Defendants violated the Fair Labor Standards Act ("FLSA") and/or KRS Chapter 337; (3) whether, in failing to pay the amounts owed in a timely fashion, the Class Members are entitled to the liens provided for in KRS 376.150 and/or KRS 376.180; (4) whether the corporate Defendants are joint employers of the Class Members; (5) whether the corporate Defendants ignored and/or failed to follow required corporate formalities; (6) whether Giles and/or Wallace, individually, are "employers" under the

FLSA and/or KRS Chapter 337 such that their personal assets are subject to the employee Class' claims.

43. The relief sought is common to all members of the Class.

44. The claims of the Representatives are typical of the claims of the Class in that: each is owed money for work performed and/or benefits which should have been paid and has not been paid; each was paid by RHM the majority of the time, but also received payments from one or more corporate Defendants. No conflict exists between any Class Representative and other members of the Class with respect to this action.

45. The Representatives are able to, and will, fairly and adequately protect the interests of the Class. The attorneys for the Representatives are experienced and capable in the field of employee wage and hour law, and have successfully prosecuted class actions, and actions of a similar nature.

46. This action is properly maintained as a class action under Fed. R. Civ. P. 23(b)(2), in that defendants have acted on grounds generally applicable to the Class by failing to properly compensate Class Members, thus making appropriate corresponding relief with respect to the Class as a whole.

47. This action may, in addition or in the alternative, be maintained pursuant to FED. R. CIV. P. 23(b)(1) as the prosecution of individual actions by Class Members addressing the subject matter of this action would present the risk of inconsistent or varying adjudications which would potentially establish incompatible standards of conduct governing Defendants or which as a practical matter be dispositive of non-party Class Members or otherwise substantially impair or impede their ability to protect their interests.

## FIRST CLAIM FOR RELIEF
(Violation of FLSA)

48. Plaintiffs incorporate all foregoing paragraphs as if fully restated herein.

49. Defendants, individually, and/or jointly and severally, were joint employers of the Plaintiffs and similarly situated employees who are part of the collective action or, in the alternative, employers of the Plaintiffs and similarly situated employees who are part of the collective action, under the FLSA, KRS Chapter 337, and/or KRS 376.150 and/or KRS 376.180.

50. Defendants' actions described herein constitute violations of the Fair Labor Standards Act, 29 U.S.C. Chapter 8, *et seq.* entitling Plaintiffs and others similarly situated to damages of the entire amount of unpaid wages and benefits due, plus additional sums of liquidated damages, plus attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
(Violation of KRS Chapter 337)

51. Plaintiffs incorporate all foregoing paragraphs as if fully restated herein.

52. Defendants were joint employers of the Plaintiffs and Class Members or, in the alternative, employers of the Plaintiffs and Class Members.

53. Defendants' actions described herein constitute violations of KRS Chapter 337 entitling Plaintiffs and others similarly situated to damages of the entire amount of unpaid wages and benefits due, plus additional sums of liquidated damages, plus attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
(Statutory Lien Pursuant to KRS 376.150 and/or KRS 376.180)

54. Plaintiffs incorporate all foregoing paragraphs as if fully restated herein.

55. Based on Defendants' actions described herein, the Plaintiffs and Class Members are each entitled to a lien "upon the property and effects which have been involved in the business and upon the accessories connected therewith, including any interest in real property used in carrying on the business", as well as accounts receivable and/or healthcare receivables of each Defendant, and proceeds from any of the foregoing.

**FOURTH CLAIM FOR RELIEF**
(Breach of Fiduciary Duties to Creditors)

56. Plaintiffs incorporate all foregoing paragraphs as if fully restated herein.

57. Based on Defendant Giles and Wallace's actions described herein, they have breached fiduciary duties owed to the Plaintiffs as creditors pursuant to KRS 271B.8-300, 271B.8-420, 275.170, and other applicable law.

**PRAYER FOR RELIEF**

58. For all the foregoing reasons, Plaintiffs request the following relief to be awarded by the Court:

   a. Authorization to issue notice pursuant to 29 U.S.C. § 216(b) at the earliest possible time, to all current and former employees during the three years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they are owed wages or benefits for which they have not been paid;

   b. A declaratory judgment that Defendant has violated the provisions of the FLSA, as to Plaintiffs and similarly situated persons who opt-in to this action;

   c. A declaratory judgment that Defendant's violations of the FLSA were willful;

   d. An award to Plaintiffs and others similarly situated who opt-in to this action of

damages in the amount of unpaid wages and benefits to be proven at trial;

e. An award to Plaintiffs and others similarly situated who opt-in to this action of interest and liquidated damages in an amount equal to the wages and benefits shown to be owed to them pursuant to 29 U.S.C. § 216(b).

f. An award to Plaintiffs and others similarly situated who opt-in to this action of reasonable attorney's fees and costs, pursuant to 29 U.S.C. § 216(b).

g. Judgment against the Defendants, jointly and severally, and in favor of Plaintiffs for all amounts owed to Plaintiffs and others similarly situated, including but not limited to wages and benefits;

h. Judgment against the Defendants, jointly and severally, for punitive damages, liquidated and unliquidated damages, and for all amounts permitted under KRS Chapter 337;

i. A declaration that each of the Plaintiffs and others similarly situated are entitled to the lien provided for in KRS 376.150 and/or KRS 376.180;

j. A determination that Defendants are joint employers of the Plaintiffs;

k. In the alternative if the Defendants are not determined to be joint employers of the Plaintiffs, an Order directing that corporate veils may be pierced, as necessary, between the interrelated corporate Defendants to properly effectuate a just remedy;

l. An award of all costs and attorneys' fees incurred in the investigation, initiation, and prosecution of the claims in this action; and

m. Such other and further relief as the Court may deem equitable and just under the circumstances.

Dated this the 2nd day of October, 2013.

Respectfully submitted,


<u>s/ Robert L. Roark</u>
Jeffrey S. Walther
Robert L. Roark
W. Scott Hunt
Walther, Roark & Gay, PLC
163 East Main Street, Suite 200
Lexington, Kentucky 40507
(859) 225-4714 (tel)
(859) 225-1493 (fax)
RRoark@wrgfirm.com